ESTATE OF NORTH : YOERG, Trustee, and others, Appellants, vs. NORTH, Respondent.

*December 7, 1942—January 12, 1943.*

*S. W. Jensch* of Hudson, for the appellants.

For the respondent there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *W. T. Doar*.

WICKHEM, J.  The last will and testament of Anita E. North disposed of an estate estimated in the petition for letters testamentary at $460,000.  The first six paragraphs of the will made bequests, one to each paragraph as follows : Pearl Clark, $100,000; Bettie Clark Williams, Virginia Ward, and Sadie Clark, each $125,000; Teresa Valereal Clark and Mrs. Mary Salmon, $25,000 each.  By the seventh paragraph, a trust was created in the amount of $25,000 corpus, to pay the annual income to Mary North, remainder to be distributed in accordance with directions contained in the residuary clause. The residuary clause divided all the rest, residue, and remainder of the estate among the first six legatees in proportion to the amount of each of the legacies, no proportion to be allotted to any legacies that have lapsed.

The petition for probate of the will was filed on June 1, 1921.  The will was admitted to probate on August 23, 1921. There appears to have been some prospect of a contest over the will, and on August 22, 1921, Bettie Clark Williams wrote Mary North and proposed that if Mrs. North make no con-

test to the will of Anita E. North, and the same was allowed by the court, and also in case Mary North would assign to Pearl Clark, Virginia Ward, and Sadie Clark to "see that you are paid by said Pearl Clark, Miss Virginia Ward, Mrs. Sadie Clark and myself the sum of $5,000, and in addition to which I agree to assign to you my share in the remainder of the $25,000 trust fund created by the will of said Anita E. North of which you are the beneficiary, and I will use my best efforts to have Mrs. Pearl Clark, Mrs. Sadie Clark and Miss Virginia Ward to likewise assign their interest in said remainder to you."

This proposition was accepted by Mary North. On October 28, 1921, Bettie Clark Williams, Virginia Ward, and Sadie Clark entered into an agreement with Mary North whereby, the will having been fully probated without objection, the three remaindermen agreed to pay $5,000 to Mary North and purported presently to sell, assign, and set over to her their interest in the remainder of the $25,000 trust fund. In return for this, Mary North assigned and released all interest which she then had or at any time in the future might be entitled to as an heir or testamentary beneficiary under the will of Anita E. North, or as a beneficiary under the will of Sarah J. North, deceased. On March 5, 1941, Mary North filed a petition for an order requiring payment to her by the trustee of the income and corpus of the trust of $150 per month, alleging that that was necessary for her support. At the hearing the only appearance was that of S. W. Jensch as attorney for the trustee, Yoerg. There was evidence of the age, condition, and needs of Mary North, and that she would require hospitalization. There was evidence of the agreement under which Mary North became, as she claimed, the owner of the residuary interest. The hearing was adjourned until September 4, 1941, at which time the original exhibit was offered in evidence and at this adjourned hearing there came into question the extent of the representation of Mr. Jensch.

Mr. Jensch asserted that he appeared for E. E. Williams, trustee of a trust created by the will of Bettie Clark Williams, a deceased remainderman, and also for Virginia Ward, but not for Sadie or Pearl Clark. Another hearing was held on September 22d. At this time two disclaimers were filed, one by E. E. Williams and one by Virginia Ward. Each disclaimer confirms the agreement between the remaindermen and Mary North; disclaims any interest in the trust fund, and repudiates Mr. Jensch's right to appear on behalf of those making the disclaimers. Thereafter, Mr. Jensch filed the joint affidavit of E. E. Williams and Virginia Ward, in which affidavit, without denying the execution of the agreement or the disclaimer just mentioned, asserts that they have been advised by Mr. Jensch that they still have interests as remaindermen and that he is authorized to assert these interests; that the repudiation of Jensch's representation was merely of his general representation and not of his representation of them in this action.

Appellants' first contention is that no evidence has been shown of any needs of the life-tenant beneficiary toward any payment of the corpus of the trust to Mary North, the life beneficiary. The findings of the trial court are in substance that Mary North has a small amount of property which is insufficient in addition to the income of the trust to support and maintain her; that she is in poor physical condition, of advanced age, has no means of employment, and requires hospitalization and medical care and attention, that the sum of $150 a month is necessary for her support and maintenance.

A careful review of the testimony indicates not only that this finding is amply sustained, but also that there is no evidence to the contrary. If this were the only point in this case, the matter would have been disposed of without opinion and for this reason we shall not discuss the point at length.

The important attacks upon the order raise questions of law. It is contended (1) that the agreement of October 28,

1921, which antedated the time of the final judgment in the estate of Anita E. North, deceased, February 24, 1923, is void as an offer made not to contest the probate of the will and that it is insufficient to alter the disposition of the property provided by the will on final decree and judgment. *Will of Rice,* 150 Wis. 401, 136 N. W. 956, 137 N. W. 778; *Will of Reynolds,* 151 Wis. 375, 138 N. W. 1019; *Will of Dardis,* 135 Wis. 457, 115 N. W. 332; (2) that the agreement is void as an ineffective attempt to provide a different disposition for the distribution of the property of this estate than that prescribed by the will of Anita E. North. *Will of Reynolds, supra; Graef v. Kanouse,* 205 Wis. 597, 238 N. W. 377; *Will of Stanley,* 223 Wis. 345, 269 N. W. 550.

Whether, under the authorities cited, the agreement between Mary North and the remaindermen antedating the admission of the will was void under the authorities cited, we need not determine. The will having been admitted to probate, the parties entered into the agreement of October 28, 1921, and this constitutes a present transfer by appellants of an interest in remainder to Mary North. That is a fully executed transaction by remaindermen who are *sui juris* and under the doctrine of *Will of Luscombe,* 109 Wis. 186, 85 N. W. 341, and *McKeigue v. Chicago & N. W. R. Co.* 130 Wis. 543, 110 N. W. 384, the beneficiary of a trust who is *sui juris* and whose rights are vested may convey an equitable interest in trust property. There was no attempt by this agreement to defeat or thwart the will of the testator or to have the probate court enter a judgment upon the preliminary agreement rather than upon the will. The trust was neither terminated nor otherwise affected. The interest in remainder was not destroyed. There is no rule of law that remaindermen who are *sui juris* cannot sell and convey their vested remainders even prior to the final distribution of the estate. *Estate of Sipchen,* 180 Wis. 504, 193 N. W. 385.

There is no question here of terminating the trust. Mary North has never, within the twenty years since the agreement was executed, sought to do this—she does not seek to do this now. She asks relief under sec. 231.21 (2), Stats., which permits the court to make allowance out of the corpus to a life beneficiary in case said beneficiary is an adult whose maintenance is not sufficiently provided for by the trust, and who has become unable to care for himself. She proved her need, and that left as the only condition upon granting relief the statutory proviso that the rights and interests of others in the trust be not thereby prejudiced. In this case, it is enough to hold that those who are here contesting the allowance out of corpus have conveyed their interest to the life beneficiary and are not in a position to urge that they have any interest in the trust fund at all and much less, of course, that their interest will be prejudiced by allowing $150 per month to the life *cestui* out of interest and corpus.

Appellants' position is without any equity or rule of law to support it.

*By the Court.*—Order affirmed.

BARLOW, J., took no part.