FIRST WISCONSIN TRUST COMPANY, Trustee, Plaintiff, vs.
TAYLOR and another, Appellants: MacLAREN, Executrix, Respondent.

*December 9, 1942—January 12, 1943.*

For the appellants there was a brief by *Lees, Bunge & Fuller* of La Crosse, and oral argument by *Hubert V. Fuller. Harvey A. Malig* of Milwaukee, for the respondent.

FAIRCHILD, J.   Appellants' chief claim is that the deeds in question were given to Alice Louise Chandler as executrix

to facilitate the transfer of a clear title to the lands on their sale, but the trial court did not take this view of the matter and the evidence supports the court's conclusion. Appellants had a contingent remainder which they conveyed by quit-claim deed to the life tenant. They are thus barred from any share in the land or the proceeds of the sale, now in the trust fund, unless for some reason the deeds were ineffective.

By sec. 230.35, Stats., "expectant estates are descendible, devisable and alienable in the same manner as estates in possession," and in the case of *Meyer v. Reif,* 217 Wis. 11, 258 N. W. 391, it was held that this allowed the alienation of contingent remainders. Appellants could convey their interests, and by the terms of the quitclaim deeds did relinquish all their "estate, right, title, interest and claim whatsoever" to the grantee, Alice Louise Chandler. See *Estate of North, ante,* p. 72, 7 N. W. (2d) 705. There is a further contention that the deeds were to Alice Louise Chandler in her capacity as executrix, but this cannot be supported. Mrs. Chandler, the grantee, held her life estate and also under the deeds the contingent remainders of the appellants which by statute were alienable and so could be devised. See Restatement, 2 Property, sec. 162, illus. 7. The trust fund here is the equivalent of the land and is to pass to those entitled to the land. Sec. 296.34, Stats. No reason appearing for holding the deeds in question invalid, the judgment of the trial court decreeing that the executrix of the estate of Mrs. Chandler was entitled to the fund must be affirmed.

*By the Court.*—Judgment affirmed.

Barlow, J., took no part.