ARTHUR BAER and TED T. BAER, complainants-appellants,

*v.*

HOSPITAL OF SAINT BARNABAS AND FOR WOMEN AND CHILDREN, defendant-appellant, FIDELITY UNION TRUST COMPANY, a corporation, defendant-respondent.

[Argued February term, 1943. Decided April 30th, 1943.]

*Messrs. Hannoch & Lasser (Mr. Herbert J. Hannoch and Aaron Lasser),* for the complainants-appellants.

*Messrs. Pitney, Hardin & Ward (Mr. Waldron M. Ward)*, for the defendant-appellant.

*Messrs. Hood, Lafferty & Emerson (Mr. Charles Danzig)*, for the defendant-respondent.

BODINE, J.

A proceeding was instituted in Chancery to terminate a trust created by the last will and testament of David Baer. The will provided for a life estate to testator's father. If, however, as the fact was, the father predeceased the testator then the will provided that the remainder of the estate should go to: "Fidelity Union Trust Company of Newark, New Jersey, to have and to hold the same upon the following trust: (a) To invest and reinvest the same and to collect the interests, dividends, rents, issues and profits therefrom.

"(b) To pay the net income therefrom unto my brother, Arthur Baer, for and during the term of his natural life. (c) On the death of my said brother, Arthur Baer, to pay the net income therefrom unto my brother Isaac Baer, for and during the term of his natural life. (d) When both of my said brothers, Arthur Baer and Isaac Baer shall have died, then to pay over, convey and deliver the *corpus* of said trust unto St. Barnabas Hospital of Newark, New Jersey, to be used and disposed of by said hospital by applying so much thereof as shall be necessary to furnish and endow a room in said hospital, to be used perpetually as a memorial to my late mother, Sophie Baer, and to apply the income from the rest of said *corpus* for the upkeep and maintenance of said room."

The brothers and the hospital entered into an agreement for the distribution of the remainder in three equal parts and to accomplish this purpose a bill was filed in Chancery to terminate the trust. The Attorney-General of the state was made a party defendant and interposed no objection to the proposed distribution.

The question for determination is whether the settlor had any other purpose in mind than to enable the beneficiaries to successively enjoy the trust property. *3 Scott on Trusts 1836 § 337.1.* The learned author of that text, after reciting cases where the beneficiaries may terminate the trust, says:

"The result is different, however, where the purpose of the settlor in creating the trust was not merely to enable the beneficiaries to enjoy the property successively, not merely to give the income to one and to preserve the principal for the other. In such a case the beneficiaries cannot terminate the trust even though they all desire to terminate it and none of them is under an incapacity, or one of them has acquired the interests of the others and wishes to terminate it."

In this case it is to be noted that the testator directs that upon the death of his last surviving brother, the remainder of his estate shall go to the hospital to be used in furnishing and endowing a room in the hospital and for the upkeep and maintenance thereof. It seems clear therefrom that the material intent of the testator was to provide adequately for the care and upkeep of the room, which was to be a memorial for his mother. This estate is not large. That he might do so does not admit of doubt. He may well have thought that it was for the best interest of the hospital to withhold his aid until he could give it the entire fund. For careful consideration of the problem see *In re Derbyshire's Estate, 239 Pa. 289; In re Stafford's Estate, 258 Pa. 595.*

Even though by an immediate termination of the trust, the hospital might fare as well as it will in the long run, when it comes into full enjoyment of the whole estate, we do not apprehend that it was the duty of the Court of Chancery to rewrite the testator's will.

We are not unmindful of the cases of *Huber* v. *Donoghue, 49 N. J. Eq. 125; Armour* v. *Murray, 74 N. J. Law 351; Newlin* v. *Girard Trust Co., 116 N. J. Eq. 498; Kelvey* v. *Tull, 119 N. J. Eq. 536,* where the trust was terminated. In those cases, the remainderman was not a charitable trust as in this case.

It seems clear to us that the testator intended not only that his brothers should have the protection of the income from his entire estate, but that upon their death the entire *corpus*

should go to the hospital for the purpose indicated. Even though the hospital has full power to deal with the remainder in the way indicated by the testator's will, we think that it is not entitled to a decree for the substitution of a present estate of one-third of the residue instead of the future enjoyment of the entire remainder.

The decree will be affirmed, with costs.

No. 223 with No. 224—

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, WELLS, RAFFERTY, THOMPSON, JJ. 11.

*For reversal*—None.

No. 224 with No. 223—

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 13.

*For reversal*—None.