FREDERICK PEITER ET AL. *v.* ERNEST B. DEGENRING, TRUSTEE (ESTATE OF HERMINE PEITER)

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued November 1—decided December 15, 1949.

*Richard I. Steiber,* for the appellants (plaintiffs).

*Maurice J. Magilnick,* for the appellee (defendant).

MALTBIE, C. J. In this action the plaintiffs are seeking to secure a judgment terminating a trust established in the will of Hermine Peiter. The trial court refused that relief and from its judgment for the defendant the plaintiffs have appealed.

In the will, the residue of the testatrix' estate was given in trust with this provision: "I direct my trustee to pay to my brother, Frederick Peiter . . . during his life to him or his conservator, so much of the income and principal of my estate as may be necessary for his support and comfort, using the income first." Upon the death of Frederick Peiter, all the residue of the estate was given to five cousins of the testatrix, all women, with a provision that if any of them predeceased the testatrix her share should be divided equally among the survivors.

Frederick Peiter and the five cousins joined as plaintiffs in the action, and the trustee was the sole defendant. No answer was filed, but the attorneys for all the parties stipulated that the allegations of the complaint were true and that a judgment terminating the trust should be rendered. The allegations which are the basis of the relief sought are: The will was dated October 2, 1947. The testatrix died April 25, 1948. The trust fund was distributed to the trustee on or about January 1, 1949. It consisted of personal property of the value of $52,268.19. Peiter was seventy-eight years old in May, 1949, when this action was brought. He owns personal estate the annual income of which is greatly in excess of his needs for comfort and support. He has not been entitled to receive

and has not received any money from the trust. All the plaintiffs, having in mind that there is no possibility that he will be entitled to receive any money from it at any time, desire the trust to be terminated forthwith upon these terms: The trustee is to pay Peiter $10,000 in consideration of a full release of any present or future interest in the trust; the balance of the fund is to be immediately distributed among the cousins; and the trustee is to be discharged upon presentation of his account to and its acceptance by the proper probate court. It is further alleged that such a distribution of the fund will effect all the purposes intended by the testatrix to be accomplished by the trust.

As the trial court pointed out, the application to the court is not one merely to terminate the trust but necessarily involves an agreement by the beneficiaries under it for the disposition of the fund not in accordance with the terms of the will. Very largely, however, the same considerations control both the validity of an agreement among those interested under a will to dispose of the estate in a way at variance with its terms and the termination of a trust by the court upon an agreement that this be done, and we shall not separate the two situations in our consideration, except in one respect. The situation presented is not one where in settlement of a controversy over the admission of a will to probate the parties have entered into a compromise agreement. See *Warner* v. *Warner,* 124 Conn. 625, 630, 1 A. 2d 911. Apart from such a situation, agreements among the beneficiaries under a will for a disposition of the property not in accordance with its terms have frequently been approved by courts in other jurisdictions. Note, 97 A. L. R. 468. We never have had occasion to consider the matter. In *Hotchkiss' Appeal,* 89 Conn. 420, 432, 95 A. 26, we held that the persons entitled to receive an intestate

estate may make an agreement for its disposition which is different from that provided in the statutes of distribution, and we stated as the basis upon which such an agreement rests that the heirs and distributees might by transfers immediately after a formal distribution divide the property as they wish, and hence an agreement preceding the distribution merely accomplished directly what they could do indirectly. See also *Stempel* v. *Middletown Trust Co.*, 127 Conn. 206, 221, 15 A. 2d 305. An agreement of beneficiaries under a will for the disposition of the property at variance with its terms has a like justification. It does not violate the provisions of the will because it is made in the exercise of rights created by the will. *Estate of North*, 242 Wis. 72, 76, 7 N. W. 2d 705; *Schaefer* v. *Thoeny*, 199 Minn. 610, 615, 273 N. W. 190; note, 97 A. L. R. 470.

A testator may impose such conditions as he pleases upon the vesting or enjoyment of the estate he leaves, provided they are certain, lawful and not opposed to public policy. *Colonial Trust Co.* v. *Brown*, 105 Conn. 261, 284, 135 A. 555. An agreement among the beneficiaries as to the disposition of the property which does not violate those restrictions may be sustained; *Myers* v. *Noble*, 141 Kan. 432, 435, 41 P. 2d 1021; but if it is contrary to them, it cannot ordinarily be effective. *Mason* v. *Rhode Island Hospital Trust Co.*, 78 Conn. 81, 85, 61 A. 57; *South Norwalk Trust Co.* v. *St. John*, 92 Conn. 168, 179, 101 A. 961; *Bristol Baptist Church* v. *Connecticut Baptist Convention*, 98 Conn. 677, 682, 120 A. 497; *Stafford's Estate*, 258 Pa. 595, 599, 102 A. 222; *Adair* v. *Sharp*, 49 Ohio App. 507, 513, 197 N. E. 399; *Baer* v. *Hospital of St. Barnabas*, 133 N. J. Eq. 264, 31 A. 2d 823; *In re Estate of Mowinkel*, 130 Neb. 10, 12, 263 N. W. 488. For that reason, it is generally held that where an estate is given

upon an active trust an agreement among those interested cannot have the effect of varying its terms. 3 Scott, Trusts, § 337.4.

We have summed up the law in this way: "The function of the court with reference to trusts is not to remake the trust instrument, reduce or increase the size of the gifts made therein or accord the beneficiary more advantage than the donor directed that he should enjoy, but rather to ascertain what the donor directed that the donee should receive and to secure to him the enjoyment of that interest only. 4 Bogert, Trusts & Trustees, p. 2936; *Claflin* v. *Claflin*, 149 Mass. 19, 20 N. E. 454. Conditions precedent which should concur in order to warrant termination of a trust by judicial decree include 'that all the parties in interest unite in seeking the termination, that every reasonable ultimate purpose of the trust's creation and existence has been accomplished, and that no fair and lawful restriction imposed by the [settlor] will be nullified or disturbed by such a result.' " *Hills* v. *Travelers Bank & Trust Co.*, 125 Conn. 640, 648, 7 A. 2d 652. There are, however, cases where the provisions of a trust taken by themselves would under the principles just stated not be subject to variation by the interested parties, but where, nevertheless, the courts may properly terminate the trust. *Wood's Estate*, 261 Pa. 480, 482, 104 A. 673. It is the policy of the law not to uphold restrictions upon the free and unrestricted alienation of property unless they serve a legal and useful purpose. It has been said that a trust should be continued no longer than the thing sought to be secured demands; *Stafford's Estate*, supra, 598; and a trust may properly be terminated where there is no good reason why it should continue. *Claflin* v. *Claflin*, supra, 22; *Cuthbert* v. *Chauvet*, 136 N. Y. 326, 329, 32 N. E. 1088; *Anderson* v. *Williams*, 262 Ill. 308,

315, 104 N. E. 659; 3 Scott, op. cit., § 337, p. 1833. We have stated as one of the conditions necessary before a trust can be terminated that every reasonable ultimate purpose of the trust's creation and existence has been accomplished. *DeLadson* v. *Crawford*, 93 Conn. 402, 411, 106 A. 326. Upon their face, the admitted allegations of the complaint in the instant case might justify a decree that the trust be terminated. If it should be terminated without any agreement for a different disposition of the fund, it would immediately vest in the cousins; they might agree with Peiter that upon their becoming entitled to the full enjoyment of the fund they would pay a part of it to him; and the agreement that a portion of it should be paid to him by the trustee would be no reason for refusing to bring the trust to an end.

The trial court decided the case against the plaintiffs upon the ground that the effect of the agreement was to parcel out the fund in a way more satisfactory to the interested parties than that which the testatrix specified. The issue cannot be reduced to such simple terms, and the trial court was in error. On the other hand, we are not willing to direct judgment merely upon the stipulation that the allegations of the complaint are true, and must remand the case for further hearing. If it is so, as alleged in the complaint and stipulated to be true, that Peiter has personal estate the annual income of which is greatly in excess of his needs and that there is no possibility that he will be entitled to receive any money from the trust at any time, a conclusion that the trust could serve no useful purpose and should be terminated upon the terms agreed upon might be justified. The allegations and stipulation together constitute a judicial admission of the facts stated. We have recently said that such an admission should ordinarily be adopted by a trial

court in the decision of a case. *Central Coat, Apron & Linen Service, Inc.* v. *Indemnity Insurance Co.,* 136 Conn. 234, 236, 70 A. 2d 126. It is not, however, necessarily binding upon the court, and under the circumstances of a particular case the court may be justified in disregarding it. *Kanopka v. Kanopka,* 113 Conn. 30, 39, 154 A. 144; *Bochicchio* v. *Petrocelli,* 126 Conn. 336, 340, 11 A. 2d 356. This follows from the fact, which we have frequently stated, that a judge is not a mere umpire in a forensic encounter but a minister of justice. *Strong* v. *Carrier,* 116 Conn. 262, 263, 164 A. 501. In this case, it is stipulated to be true that Peiter is seventy-eight years old, but what his condition of health, mental and physical, is, does not appear. It is stipulated to be true that he has personal property more than adequate to care for him for the rest of his life, but what the nature of that property is, is not stated; and experience teaches that property which today is very valuable and produces a large income may, in the vicissitudes of human affairs, become almost worthless in a short space of time. The testatrix made her will October 2, 1947, and died April 25, 1948, and it might be that considerations such as these or other facts of which the court was not apprised induced her to make the provision for Peiter's support against the mischance of his needing help beyond his own resources. The circumstances surrounding the making of the agreement were not before the court. The very fact that under it Peiter is to receive $10,000 is some indication that the provision made for him in the will is not valueless. As all parties benefiting from the trust have joined in agreeing that the allegations of the complaint are true, the action is not one where the clash of conflicting interests might justify the court in accepting the allegations as true because, if untrue, one or the other of the parties would contest them.

In *Sumner* v. *Newton,* 64 Wis. 210, 25 N. W. 30, the court had before it a trust established by a testatrix to make provision for the support of her brother and his daughter during their lives; he died, she married, and her husband was apparently of sufficient means to support her; the residuary legatees brought an action to terminate the trust to which the daughter was not a party; it appeared that she had executed a release of all her interests under the will; the Supreme Court, in reversing a judgment below in favor of the plaintiffs, stated (p. 215) that the power of the court to terminate the trust should be cautiously exercised and only upon a full hearing; and it added (p. 216): "Mrs. Fox is not a party to this proceeding. We have nothing from her but her unexplained release. It is quite obvious that the court did not inquire into the circumstances under which it was executed, or whether it was a prudent or imprudent act. Conclusive effect seems to have been given to it, and the trust seems to have been terminated solely because she thus consented to its termination. It was a fortunate accident, rather than a material factor in the judgment of the county court, that the husband of Mrs. Fox has been and is now willing and able to support and maintain her. It would be a most pernicious and dangerous rule to allow testamentary trusts for the support of dependent persons to be absolutely terminated upon the mere consent of the beneficiaries, without regard to their capacity or the circumstances under which such consent was obtained, and without any guaranty against future adverse conditions." While it is true that in this case the life beneficiary is one of the plaintiffs, still the circumstances bring it fully within the doctrine stated in the Wisconsin case.

In such a case as this, an agreement made by all the parties concerned, or a stipulation by them as to the

facts, should not be accepted by the court as a basis for its judgment; it should make its decision only upon the basis of facts found by testimony offered before it; and it should not terminate the trust unless those facts clearly establish that no purpose it was designed to serve would be defeated or jeopardized.

There is error, the judgment is set aside, and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.