[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 6520
This action was commenced by a complaint dated June 1, 1992, with a return date of June 30, 1992. The defendant, Bank of Boston Connecticut, Trustee, answered that complaint on July 24, 1992. On January 14, 1993, the plaintiffs filed a Motion for Summary Judgment. This motion was never pursued even though the defendants filed no objection thereto. However, it is the opinion of the undersigned that this matter would not have been conducive to a determination by Summary Judgment. On January 14, 1993, the plaintiffs claimed the matter for the trial list. Then, on February 25, 1993, the plaintiffs made a Motion for the Appointment of a Guardian Ad Litem to represent the interests of all minor and unborn contingent beneficiaries of the subject trust. This was granted by the court on March 15, 1993, and Attorney Jeffrey Tinley was so appointed. Also, on February 25, 1993, the court gave permission to the plaintiff to cite in the aforementioned Guardian Ad Litem as a defendant. On February 25, 1993, the plaintiffs filed an "amended complaint for advice" which the defendant Bank of Boston, Connecticut answered on March 24, 1993 and which the defendants' minor children and unborn issue of the remainder beneficiaries answered on May 26, 1993.
The plaintiffs in this matter are Vera R. Segall, the widow of the late Louis Posin and their children, Harry L. Posin, Steven E. Posin and Dorri E. Posin. The defendants are the said Vera R. Segal and the Bank of Boston, Connecticut as trustees and the minor children and unborn issue of the remainder beneficiaries of the subject trust.
This matter concerns a trust created by the Will of the late Louis Posin, who died on June 30, 1967. Said Will was dated August 13, 1956, and was modified by three codicils, dated June 1, 1959, March 3, 1964 and September 21, 1965. Under the terms of Article III of said Will, the testator established a trust whereby his wife, the plaintiff, was the income beneficiary for her life and then upon her death, the trust residue would go in trust to the testator's issue per stirpes, with the share of any such beneficiary who was under thirty (30) years of age being held in trust for them until they attained such age. At the time of the testator's death, his children were ages twelve, nine and seven. Today, all of said children are over thirty (30) years of age and join with their mother to terminate said trust. The trustees of said trust are the plaintiff, Vera R. Segall and the Bank of Boston, Connecticut, they having been appointed Co-Trustees by the CT Page 6521 Waterbury Probate Court on May 31, 1978, after the prior trustees resigned that position.
The assets of the trust presently include cash of approximately $51,378.07, which rendered income of approximately $2,545.48 for the past year. The Co-Trustees were of the opinion that there was a parcel of land in Waterbury, Connecticut, which they valued at $1.00, and in which the trust owned a one-sixth (1/6) interest. At the insistence of the court, the counsel for the plaintiffs attempted to obtain a description of said parcel and also the assessed value of said parcel by the City of Waterbury. After a title search was done on said one-sixth (1/6) interest in said parcel, the plaintiffs learned that the trust did not own any interest whatsoever in said parcel. This was testified to by Attorney Robert Pitt, President of Connecticut Title Services, located in Fairfield, Connecticut. Mrs. Segall testified that the trust generally generated $2,000.00 to $2,800.00 in annual income, but never more than $3,000.00 year. She testified fees to the bank trustee are over $2,000.00 annually. Mrs. Segall testified that she has equity in two pieces of real estate in Connecticut and Florida of approximately $450,000.00 and monies in an investment account and an Individual Retirement Account of approximately $91,000.00. She also holds assets with her present husband, valued at approximately $320,000.00. Mrs. Segall testified in effect that she does not need the income generated by the subject trust. She stated she gives any income she receives from it to her children and grandchildren.
The plaintiffs seek declaratory judgment determining: 1) a decree approving the termination of the Trust and confirming the defendants' right and power to so terminate the trust and distribute the Trust property to the holders of the remainder interests; 2) that a proper sum be allowed out of the Trust to the plaintiffs on account of expenses and counsel fees incurred in connection with this action; and 3) such other equitable relief as the court deems just and reasonable.
The defendants oppose the plaintiffs' request to terminate this Trust.
The plaintiffs, Harry L. Posin, Steven E. Posin and Dorri E. Posin, all live outside of the state of Connecticut. None of these plaintiffs testified during this trial, but their attorney represented to the court that all three of said plaintiffs desired to have the subject trust terminated. Conditions precedent which CT Page 6522 should concur in order to warrant termination of a testamentary trust by judicial decree are (1) that all parties in interest unite in seeking termination, (2) that every reasonable ultimate purpose of the trust's creation and existence has been accomplished, and (3) that no fair and lawful restriction imposed by the testator will be nullified or disturbed by such a result. Adams v. Link, 145 Conn. 634, 638. The function of the court [of equity] with reference to trusts is not to remake the trust instrument, reduce or increase the size of the gift made therein or accord the beneficiary more advantage than the donor directed that he should enjoy, but rather to ascertain what the donor directed that the donee should receive and to secure to him the enjoyment of that interest only. Ibid. There are, however, cases where the provision of a trust taken by themselves would under the principles just stated not be subject to variation by the interested parties, but where, nevertheless, the courts may properly terminate the trust. It is the policy of the law not to uphold restrictions upon the free and unrestricted alienation of property unless they serve a legal and useful purpose. It has been said that a trust should be continued no longer than the thing sought to be secured demands; and a trust may be terminated where there is no good reason why it should continue. Peiter v. Degenring,136 Conn. 331, 336. Said rules set down in Adams v. Link, supra, are based upon the fundamental principle that the recipient of a gift must take it subject to any lawful conditions the donor has attached and that the duty of a court is only "to ascertain what the donor directed that the donee should receive and to secure to him the enjoyment of that interest only. Connecticut Bank Trust Co. v. Coffin, 212 Conn. 678, 709.
Mrs. Segall testified she presently has three grandchildren, all issue of her son, Steven E. Posin. There was testimony that Mrs. Segall and her husband are presently helping to contribute to the financial well being of Mrs. Segall's children, the remainder beneficiaries of this trust. Mrs. Segall has testified that she does not want nor need any of the income from the subject trust. The trust principal is approximately $51,378.07, less the costs of this action. If Mrs. Segall died with all three of her children living, then each would inherit outright one-third (1/3) of the trust principal then remaining. If Mrs. Segall died having been predeceased by all her children, but leaving grandchildren surviving, then the share of each grandchild would be put in trust until that grandchild attained the age of thirty (30) years. Assuming that were to occur today, that would leave a trust fund for each grandchild of less than $15,000.00. The cost to administer CT Page 6523 such a small trust fund would substantially use up all of the income derived therefrom, and in all likelihood, some of the principal each year. The court is cognizant of the fact that the principal of each such grandchild's trust fund could be increased or decreased, depending on the number of grandchildren living on the date of Mrs. Segall's death. Does it make sense from a financial standpoint under any reasonable scenario to continue this trust? The court thinks not. When Louis Posin died, he had three young children and a wife surviving. From the reading of his Will, the court believes his primary concern was to insure that his wife was financially taken care of for her life, and secondarily, that his children would receive the trust principal when his wife died. His wife, Mrs. Segall, does not need or desire the income generated by the trust. His children, each of whom is now over the age of thirty, could use the monies from the trust principal. Using the criteria set forth in Adams v. Link, supra, this court believes the subject trust should be terminated. There is no question the first condition is met, as all interested parties are seeking termination. The court also feels the second condition has been met, as every reasonable ultimate purpose of the trust's creation and existence has been accomplished. The main purposes of the subject trust were to insure the financial security of Mrs. Segall, and that has been accomplished, and the secondary purpose of said trust was to insure the financial security of Mr. Posin's children if their mother died. Those needs have been met, and are no longer an issue. The third condition has also been met in the court's opinion, as there is no fair and lawful restriction imposed by the testator that would be nullified or be disturbed if the subject trust was terminated.
When a trust has income of $2,800.00 annually, and Trustee fees are $2,000.00 annually, it does not make sense to continue the trust, particularly when the primary reasons for creating the trust have been accomplished. The beneficiary(ies) of the subject trust is presently receiving very little benefit from the trust, and that benefit will not increase in the years to come.
The attorneys for the trustee bank, plaintiffs and for the grandchildren beneficiaries and unborn beneficiaries have all requested the court award them fees for their services rendered to their clients in this matter. Connecticut General Statutes52-251 reads as follows:
 Sec. 52-251. Expenses and counsel fees in action to construe will or for advice concerning CT Page 6524 will or trust. In any action brought to a court of equitable jurisdiction for the construction of a will or for the advice of the court as to the administration of an estate or trust under a will or trust instrument, by any person acting in a fiduciary capacity thereunder, there shall be allowed to each of the parties to the proceeding such reasonable sum for expenses and counsel fees as the court, in its discretion, deems equitable. The allowance shall be taxed as costs in the action, to be paid out of the estate.
The court awards a fee of $450.00 to Attorney Robert Pitt, and a fee of $750.00 to Attorney Jeffrey J. Tinley, the court appointed attorney for the minors and unborn issue of the named contingent beneficiaries. The plaintiffs' attorney is awarded a fee of $3,000.00. The attorney for the Co-Trustee, the Bank of Boston Connecticut, is awarded a fee of $4,369.35, including disbursements for this matter.
The courts must take a common sense approach to matters such as this and for that reason and the reasons stated hereinbefore in this memorandum, the court orders the subject trust be terminated forthwith and any unexpended income be paid to the plaintiff, Vera R. Segall, and any trust principal then remaining be distributed in equal shares to the plaintiffs, Harry L. Posin, Steven E. Posin and Dorrie E. Posin (now known as Dorrie P. Kast), in accordance with Article III, Subsection B of Louis Posin's last Will and Testament.
Judgment may enter accordingly.
William J. Sullivan, J.
WILLIAM J. SULLIVAN CT Page 6525