[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT RICHARDCHARETTE'S MOTION FOR SUMMARY JUDGMENT
By a Motion for Summary Judgment filed October 10, 1996, defendant Richard Charette has moved for summary judgment. In essence, he claims his truck was not illegally parked and that the positioning of the truck did not proximately cause the injuries suffered by plaintiff, a child who was struck by another vehicle while crossing Myrtle Street in New Britain on November 8, 1993, and who alleges that the placement of Mr. Charette's truck blocked a portion of the street which would have provided a safe route to have avoided the injury.
The parties have filed supplemental submissions which have been reviewed.
For the following reasons, the motion for summary judgment is denied.
"The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v.Avitabile, 32 Conn. App. 765, 772 A.2d 624, cert. denied,228 Conn. 908, 634 A.2d 297 (1993).
The court is "confined to an examination of the pleadings and affidavits to determine whether they show that there is no genuine issue as to any material fact and that the defendants [are] entitled to judgment as a matter of law." Yanow v. TealIndustries Inc., 178 Conn. 262, 269, 422 A.2d 311 (1979). "[T]he function of the trial court is only to determine whether there is a genuine issue as to any material fact, but not to decide that issue if it does not exist until the parties are afforded a full hearing. . . . Issue finding, rather than issue determination, is key to the procedure." (Citations omitted.) Id. "The test for summary judgment is whether the moving party would be entitled to a directed verdict on the same facts." Wilson v. New Haven,213 Conn. 277, 279-80, 567 A.2d 819 (1989). "The summary judgment procedure is designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried. . . . It is an attempt to dispose of cases involving sham CT Page 4087 or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." (Citations omitted; internal quotation marks omitted.) Mac'sCar City, Inc. v. American National Bank, 205 Conn. 255, 261,532 A.2d 1202 (1987).
"It is clear that in deciding a motion for summary judgment the trial court may consider, in addition to the pleadings, affidavits and any other proof submitted by the parties . . . ." (Citations omitted; internal quotation marks omitted.) Pepe v. New Britain, 203 Conn. 281, 286,524 A.2d 629 (1987). "[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381 . . . ."
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Suarez v DickmontPlastics Corp., 229 Conn. 99, 105-06, 639 A.2d 507 (1994). "[A] summary disposition should be rendered in the limited instances where the evidence is such that no room for disbelief could exist in the minds of the jury and in circumstances which would require a directed verdict for the moving party." Yanow v. Teal Industries, Inc., supra,178 Conn. 268-69. "`[A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed.' (Emphasis added). United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380, 260 A.2d 596
(1969)." Miller v. United Technologies Corp., 233 Conn. 732,751, 660 A.2d 810 (1995).
"Summary judgment procedure is especially ill adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the CT Page 4088 trier of fact to determine whether the standard of care was met in a specific situation. . . . Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Spencer v. GoodEarth Restaurant Corporation, 164 Conn. 194, 199, 319 A.2d 403
(1972). See also Fogerty v Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1984).
In the instant case, applying these standards, a genuine issue of material fact exists as to whether defendant Charette's truck was parked illegally and/or negligently as alleged, see paragraphs 4(a) and 4(b) of the complaint, and as to whether or not the placement of the truck was a contributing factor in the accident. See Doe v. Manheimer,212 Conn. 748, 757 (1989). (Section 442B of Restatement of Torts Second looks at whether act is within "scope of the risk.") Fleming v. Garnett, 231 Conn. 77, 85-86 (1994). These issues require the development of a full record at trial.
See also, deposition transcripts of defendant Richard Charette, pages 33-40, as set out in plaintiff's March 13, 1997, submission; deposition transcript of Cindy Mavis, pages 15, 67-68, as set out in plaintiff's March 13, 1997, submission ("If the parked pickup truck wouldn't have been there, I'd say he might have had about a 90 percent chance of avoiding it because he bounced back into the traffic when he hit.")
Defendant argues, among other things, that the observations of Cindy Mavis ought not to be considered because they constitute an opinion of a lay witness on an ultimate issue which will be inadmissible at trial, pursuant to Practice Book Section 381. However, on the present record, it is not possible to conclude that Cindy Mavis's testimony will be inadmissible. It might very well be admitted, depending on a variety of factors. Moreover, even assuming arguendo that the precise testimony she gave at the deposition might not be admissible, the substance of her observation — that she believes plaintiff might have avoided injury but for the placement of defendant's truck — might very well be admissible, in one formulation or another. These issues must be decided in the trial setting by a judge who is in the courtroom. See Cerniglia v. Levasseur, Superior Court, Judicial District of Hartford-New Britain, Docket No. CV95-05481815 CT Page 4089 (February 10. 1997) ("It is difficult . . . to decide the evidentiary issues raised in the absence of a full trial setting . . .")
Defendant also argues that summary judgment should be granted in light of the fact that plaintiff has admitted Requests for Admission (1) through (4) of the August 23, 1995, requests for admission. See, e.g., Cusano v. Limondin, CV92-0514760 (January 4, 1995) (Corradino). See also Practice Book Section 237 et seq., in particular, Practice Book Section 240, which states:
 § 240 Admission of Acts and Execution of Writings — Effect of Admission
 Any matter admitted under this section is conclusively established unless the court on motion permits withdrawal or amendment of the admission. The court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Any admission made by a party under this section is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding
 The admission of any matter under this section shall not be deemed to waive any objections to its competency or relevancy. An admission of the existence and due execution of a document, unless otherwise expressed, shall be deemed to include an admission of its delivery, and that it has not since been altered.
After considering the briefs submitted by counsel in light of the full record, I do not agree with defendant.
The deposition of defendant Carette and Cindy Mavis were taken after the above requests for admission were served on plaintiff and not objected to CT Page 4090
I do not believe that the rules relating to requests for admission, under the circumstances present here, were intended to prevent the Court on a motion for summary judgment from taking notice of evidence directly relevant to the essential allegations of the complaint and discovered after requests for admission have been responded to. See Drier v. Upjohn Co.,196 Conn. 242, 248 (1985); Pieter v. Degenring, 136 Conn. 331,337-38 (1949), and the other cases cited by plaintiff in his March 27, 1997 submission. Also see the lengthy citation to Tait LaPlante, Connecticut Evidence (2d Ed. 1988), Section 6.6, at pages 3-4 of that submission. Also see Practice Book Section 6, which states that the rules "will be liberally interpreted in any case where it shall be manifest that a strict adherence to them will work . . . injustice."
Because a genuine issue of material fact exists, a trial is necessary. The motion for summary judgment is therefore denied.
Douglas S. Lavine Judge Superior Court