[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Anna Bains died on September 27, 1990. In her last will and testament she created a trust naming her husband, the plaintiff Joseph Bains, and their only daughter, Ann Carol Bains, as trustees of the trust. The trust provided that all the income from the trust was to be expended for the benefit of the plaintiff for the rest of his life. Upon the occasion of the plaintiff's death, the trust was to be terminated with all its remaining assets to be paid to Ann Carol Bains.
The plaintiff and Ann Carol Bains acted as trustees of the Anna Bains Trust until Ann Carol Bains died on March 30, 1995. The plaintiff has since continued as the sole trustee of the Anna Bains Trust. Ann Carol Bains named the plaintiff as the CT Page 6375 executor of her last will and testament. In it she designated that her entire estate, including all property which she may acquire or become entitled to after the execution of her will, was to pass to the plaintiff. The result of the two wills is that the plaintiff currently is the life income beneficiary of the Anna Bains Trust and that his estate would become the remainder beneficiary of the same trust upon his death.
The plaintiff, Joseph Bains, has brought the present action against himself as trustee of the Anna Bains Trust as well as against himself as executor of the last will and testament of Ann Carol Bains, seeking a judgment that the Anna Bains Trust be terminated and distributed in its entirety to himself.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Millerv. United Technologies Corp., 233 Conn. 732, 744-45,660 A.2d 810 (1995); Practice Book § 384. "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact[.]" (Internal quotation marks omitted.) Id., 751-52. "The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Id., 752. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) HomeIns. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995).
In the present case, the court can well appreciate the plaintiff's predicament. A literal reading of the wills of Anna Bains and Ann Carol Bains together put him in a position where he cannot become the remainder beneficiary to Anna Bains' trust, even though the court is of the opinion that that is what both decedents would want.
The plaintiff originally applied to the Probate Court for the District of Oxford, in an attempt to have the Anna Bains Trust terminated. That court, Fertig, J., correctly found that it did not have jurisdiction to act on such an application. The probate court is a court of limited jurisdiction and has only such powers as are given it by statute or are reasonably implied in order for it to carry out these powers. G. Wilhelm R. CT Page 6376 Folsom, Connecticut Estates Practice (1983) § 50, p. 152. A probate court may construe a testamentary trust so far as is necessary to enforce the execution of it, but it may not construe a trust to ascertain whether it is void or whether it should be terminated, for it has no express power to declare testamentary trusts void or to terminate them. G. Wilhelm R. Folsom, Connecticut Estates Practice (1983) § 50, p. 153;DeLadson v. Crawford, 93 Conn. 402, 405-06, 106 A. 326 (1919).
A testamentary trust may be terminated only by a decree of a court of equity, regardless of any stipulation by all parties in interest. Adams v. Link, 145 Conn. 634, 638, 145 A.2d 753
(1958). "The fact that no other court has exclusive jurisdiction in any matter is sufficient to give the Superior Court jurisdiction of that matter." Hall v. Dichello Distributors,Inc., 6 Conn. App. 530, 535-36, 506 A.2d 1054 (1986), quotingCarten v. Carten, 153 Conn. 603, 612, 219 A.2d 711, 716 (1966).
The court agrees with the plaintiff that before a testamentary trust may be terminated, three conditions must be satisfied: (1) all parties in interest must unite in seeking the termination; (2) the reasonable ultimate purposes of the trust must have been accomplished; and (3) no fair and lawful restriction imposed by the testator will be nullified or disturbed by the termination of the trust. Connecticut Bank Trust Co. v. Coffin, 212 Conn. 678, 708, 563 A.2d 1323 (1989);Archibald v. Sullivan, 152 Conn. 663, 669, 211 A.2d 692 (1965);Adams v. Link, 145 Conn. 634, 638, 145 A.2d 753 (1958); Peiterv. Degenring, 136 Conn. 331, 336, 71 A.2d 87 (1949); Segal v.Segal, Superior Court, judicial district of Waterbury, Docket No. 109604 (July 2, 1993, Sullivan, J.). A trust should be continued no longer than the thing sought to be secured demands and a trust may properly be terminated where there is no good reason why it should continue. Segal v. Segal, supra, Superior Court, Docket No. 109604, citing Peiter v. Degenring, supra,136 Conn. 336.
The court will not address the second and third conditions as set out supra because it is clear that the plaintiff has failed to satisfy the first condition, namely that all parties in interest must unite in seeking the termination of the trust. While the plaintiff has provided the court with a copy of the decree admitting the last will and testament of Ann Carol Bains to probate and appointing Joseph Bains as the executor of the will, there is no documentation as to the final accounting CT Page 6377 and/or distribution of the estate of Ann Carol Bains. See G. Wilhelm, Settlement of Estates in Connecticut (2d Ed. 1996) § 2, p. 2-6. Without documentation from the Probate Court of the District of Naugatuck that the estate was distributed, or as to the steps taken in the probate proceedings to ascertain who, if any, the parties in interest might be, this court cannot be assured that there are no other parties with an interest in the trust and, therefore, that "all parties in interest have united in seeking termination of the trust's "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v. Mucci,238 Conn. 800, 805, 679 A.2d 945 (1996). In the present case the plaintiff has failed to submit sufficient proof to show that there is no genuine issue as to any material fact, specifically that all parties in interest have united in seeking termination of the trust, and therefore, the motion for summary judgment is denied.
SANDRA VILARDI LEHENY, J.