ADAIR *v.* SHARP, EXR. AND TRUSTEE, ET AL.

(Decided December 26, 1934.)

*Messrs. Turner & Calland* and *Mr. George W. Ritter,* for plaintiff in error.

*Mr. Thomas H. Clark* and *Mr. Frank M. Raymund,* for defendant in error, Stephen A. Sharp, trustee.

BARNES, J.  The above-entitled cause is now being determined on proceedings in error from the judgment of the Common Pleas Court of Franklin county, Ohio. The parties appear in the same order in this court as in the court below.

Very able and comprehensive briefs have been filed by the attorneys representing the respective parties.

Plaintiff, Mary Grace Adair, in her action sought to terminate a trust created under the last will and testament of her mother-in-law, Mary H. Adair.  The will was probated in the Probate Court of Franklin county,

Ohio, in June, 1919. Plaintiff urged in her petition that she had acquired all the right, title and interest of all the beneficiaries; that all the beneficiaries were *sui juris;* that the continuation of the trust was unnecessary; that she had made demand upon the defendant trustee to turn over all property to her, and that he has refused so to do. The prayer of the petition is that the trust be terminated and the defendant be compelled to transfer and turn over to plaintiff any and all property remaining in his hands as such trustee.

The defendant trustee interposed a general demurrer, which was sustained, and the plaintiff not desiring to plead further the petition was dismissed at her costs.

This is the final order from which plaintiff prosecutes error in this court.

The creation of the trust was under and by virtue of Item 8 of the last will and testament of Mary H. Adair, and reads as follows:

"Item 8. The proceeds from the sale of my real estate, the balance of my stock in The Hann & Adair Printing Company, my money in the Columbian Building and Loan Company, my stock in The Cochran & Pinkerton Wholesale Grocery Company, of McConnelsville, Ohio, and all the residue of my estate I hereby give, devise and bequeath to Stephen A. Sharp, as trustee in trust for the following purposes, to-wit:

"Said trustee shall invest and re-invest said money and property from time to time as he may see fit and best and the net income therefrom, or so much thereof as he thinks best, he shall give to Henry S. Adair and Mary Grace Adair, jointly or severally, or so much to each as he shall see fit, during their lives and to the survivor of them. My said trustee may give to them, or either of them, so much of the said income as he thinks they or he should have and the amount to be

given to them, or either of them is to rest entirely with my said trustee. If it should become necessary in the judgment of my trustee to use a part or all of the principal of said trust property for the care, health, comfort or any other extraordinary necessity of either Henry S. Adair or Mary Grace Adair, he is hereby given power and authority to use such an amount of the principal as he thinks wise to use under the circumstances. At the death of the survivor of them, the property then remaining in the hands of my trustee shall be given by him to John Franklin Adair and Mary Carroll Adair, children of Henry S. Adair and Mary Grace Adair, share and share alike.''

Henry S. Adair was a son of the testatrix, and from the fact that no other child is mentioned in the will we may assume that he was the sole and only child surviving. Mary Grace Adair was a daughter-in-law of the testatrix and the wife of Henry S. Adair.

John Franklin Adair and Mary Carroll Adair are children of Henry S. and Mary Grace Adair. The two children, who were alleged to be *sui juris*, entered their appearance, waived summons, and admitted the transfer of their interest in the property to their mother, Mary Grace Adair, and consented to the transfer of the trust fund to her, as requested in her petition.

The petition also alleged that Henry S. Adair had assigned all his interest in the trust fund to the plaintiff, Mary Grace Adair.

In the answer filed by Henry S. Adair without the aid of an attorney, and also in the amended answer filed in this court, Henry S. Adair seeks to put in issue the legality of the transfer.

However, the only question submitted in this court is the sustaining of the general demurrer dismissing the petition in the court below.

Plaintiff in error's position may be substantially

stated from the following quotation from 2 Perry on Trusts, 1561, Section 920:

"Although a trust may not have ceased by expiration of time, and although all its purposes may not have been accomplished, yet if all the parties who are or may be interested in the trust property are in existence, and *sui juris*, and if they all consent and agree thereto, and if there is no ultimate purpose requiring its continuance, courts of equity may decree the determination of a trust and the distribution of the trust fund among those entitled."

The brief also presents many cases from other jurisdictions in line with the above quotation. We also find cited the case of *Gloyd* v. *Roff*, 2 C. C., 253, 1 C. D., 472. This is an Ohio case claimed to be similar in its facts, and determinative of the instant case. The syllabus reads as follows:

"Where a testator, by his will, directed his executors to invest a specific fund, the income therefrom to be paid to the widow during her life and widowhood, and at her death the principal thereof to be paid to her two sons; and the sons, on both arriving at the age of maturity, executed under their hands and seals to the widow an assignment of all their interest and right in such fund, authorizing her thereby to receive, collect and use, and dispose of such fund in any manner she might see proper, there being no other parties having any interest in such fund; *Held*, a state of things having arisen not contemplated or provided for by the testator in his will, and the entire interest in the fund having vested in the widow, equity will declare the trust terminated and order the transfer of the fund over to her subject to the payment of all proper charges to the trustees."

Counsel for defendant in error urge that the purpose of the trust has not been accomplished and that therefore it is requisite that the trust be continued.

This argument at once challenges the application of the quotation from Perry on Trusts, wherein there is presented as one of the items for the termination of the trust the clause "and if there is no ultimate purpose requiring its continuance."

The case of *Gloyd* v. *Roff, supra,* is distinguished in that in that case the instrument creating the trust directed the trustee to pay the entire income to the *cestui que trust,* whereas in the instant case discretion is vested in the trustee as to the amount to be paid to the beneficiaries.

It is further urged by counsel for defendant in error that Item 8 of the will of the testatrix under its language creates a spendthrift trust, and counsel then follow with a list of authorities holding that a spendthrift trust can not be terminated through court order.

Without citation of authority it may be stated that the courts universally in all jurisdictions have held that spendthrift trusts may not be terminated under court order. On this principle of law there is no controversy, but counsel for plaintiff in error insist that the language of Item 8 of the will is not such as to constitute a spendthrift trust. In support of this claim counsel maintain that there are three essential elements, all absent in the instant case, but necessary to the operation of a spendthrift trust. They are as follows:

1. There must be a provision against alienation or assignment by the *cestui que trust.*

2. There must be a provision against subjection of fund to claims or demands of creditors.

3. The bequest or gift must be of income only. The citations of authorities upon which the above essential elements are founded are supporting. The mere reading of Item 8 will disclose that it contains no direct allegations against alienation or assignment, nor

against subjection of fund to claims or demands of creditors.

Express language will not be required if, from the whole instrument, it is manifest that such was the intention of the testator. In support of the above announcement, we would cite 65 Corpus Juris, 265, last paragraph under Section 46, which reads as follows:

"Declarations of spendthrift trusts need not denominate the beneficiary a spendthrift, nor give reasons for creating the trust, nor contain all restrictions and qualifications incident to such a trust, nor expressly declare that the interest of the cestui que trust shall be beyond the reach of creditors, so long as the intention of the settlor to create such a trust is clear from the instrument as a whole."

We also make reference to this same volume of Corpus Juris, at page 542, last paragraph on above page and part of Section 290.

"A spendthrift trust without vested interests is created where, under the terms of the trust instrument, the trustees may pay income for life to either the beneficiary or his wife, or the survivor, or their issue, or any of them in the trustees' discretion."

Reference is also made to the case of *Brinker* v. *Speer, Exr.,* 8 Dec. Rep., 755, 9 W. L. B., 292.

"Where the payment of a legacy depends upon the discretion of the executor of a will, the legatee cannot recover it for himself, and it cannot be subjected [to] the payment of his debts."

The above was a decision by Judge Smith, of the Hamilton County District Court, and bears evidence of very careful thought and consideration.

It is our conclusion that under the discretionary power given to the trustee under Item 8 of the will of the testatrix, the beneficiaries, Mr. and Mrs. Adair, would not have the power of alienation or assignment, nor would the fund which might be paid to them under

the discretion of the trustee be subject to the claims or demands of creditors.

There would be no interest or title passing until the trustee exercised his discretion.

There remains for discussion the third proposition: "That the bequest or gift must be of income only."

We have examined the cases cited by counsel for plaintiff in error, and they do hold that the bequest or gift must be of income only. A careful reading of the facts in these cases leads us to the conclusion that they may be distinguished from the instant case.

In the main they refer to real estate and income therefrom, and under such a situation the reason for the rule is apparent. In one case the language of the trust is so at variance with the instant case as to be distinguishable.

As a rule of reason we can not see that the fact that under Item 8 of the will the trustee is given discretionary power to use a part or all of the principal of the trust property for the care, health or comfort of either Henry S. or Mary Grace Adair should deny the characterization of a spendthrift trust.

Even if it be admitted that a spendthrift trust was not created under Item 8 of the will of the testatrix, we still think that under the Ohio authorities the trial court was correct in sustaining the demurrer and dismissing the petition. In the court below the determination was founded upon the case of *Madden, Exr. and Trustee,* v. *Shallenberger, Gdn.,* 121 Ohio St., 401, 169 N. E., 450. It is quite true that the facts therein and the question for determination may be readily distinguished from those of the instant case, yet the reasoning of the court, and the syllabus, bear directly on the case now being determined. Paragraph four of the syllabus reads as follows:

"The concerted action of all of several beneficiaries of a testamentary trust to absolve their several estates

from the conditions and restrictions imposed by the testatrix is no more effective to accomplish that purpose than the sole action of a sole beneficiary is effective to absolve his estate from such conditions and restrictions.''

We also call attention to the following from page 410 of the opinion:

''The discretion imposed in the trustee was such as would be expected to stimulate in her beneficiaries honesty, industry, frugality, and good morals; and the selection by the testatrix of a trustee with such broad discretion necessarily involved a consideration by her of his personal characteristics. Her appointee, therefore, cannot and ought not to be removed without good cause.''

Mary H. Adair, under Item 8 of her will, created a trust in very clear and positive terms, investing a discretion in the trustee as to the amount of payment of either income or principal, and also a like discretion in payments to Henry S. Adair and Mary Grace Adair, either or both.

The situation today exists just as it did at the time of the execution or probate of said will, except that the grandchildren have since arrived at the age of maturity. To our minds it is very clear that the testatrix did not intend the situation to be changed when the grandchildren became *sui juris*. It was her desire that this discretion of the trustee be exercised until the time of the death of her son and daughter-in-law, or the survivor. To decree the termination of the trust would be a violation of the clear intent of the testatrix.

The case of *Robbins* v. *Smith, Jr., Admr.*, 72 Ohio St., 1, 73 N. E., 1051, is also cited. Again, in this case a different question of law was involved, but the reasoning of the court in arriving at its conclusions is ap-

plicable here. Paragraph one of the syllabus provides as follows:

"A trust created by will, the provisions of which are not repugnant to law or contrary to public policy, will not be decreed terminated where the objects of the trust have not been fully accomplished and their accomplishment has not been made impossible."

In the instant case the trust created by the will of Mary H. Adair is not repugnant to law or contrary to public policy; the purpose of the trust has not been fully accomplished, nor has its accomplishment been rendered impossible.

When ascertainable and not contrary to any fixed principle of law, courts will always seek to carry out the intent of the testatrix as expressed in the will. It appearing that the trust has not been fully accomplished, and finding no legal impediment to its continuance, it is our conclusion that the trustee should not be removed.

Finding no prejudicial error in the judgment of the trial court, the petition in error will be dismissed at costs of plaintiff in error.

*Petition in error dismissed.*

HORNBECK, P. J., and KUNKLE, J., concur.