OPINION
{¶ 1} Appellant-Trustee, Scott N. Barrett (hereinafter referred to as "Trustee"), appeals a judgment of the Hardin County Court of Common Pleas, ordering Trustee to pay the child support obligations out of a trust in which Defendant, James N. Styer, is the named beneficiary. On appeal, Trustee asserts that the trial court erred in ordering him to pay Styer's child support obligations out of the trust. Finding that the trust language creates a spendthrift provision, which granted Trustee with the sole discretion over the spending of the trust funds, and that such provisions are valid and enforceable in Ohio, we reverse the judgment of the trial court.
 {¶ 2} In June of 1993, Styer was divorced and ordered to pay child support for his three children. Styer failed to pay such support. In July of 2003, Styer was found to have accrued arrearages of fourteen thousand four hundred seventy-six dollars and twenty-five cents.
 {¶ 3} In October of 1996, Styer's father, Jerry Ray Styer, died, and his will was duly probated. Item V of Jerry Ray Styer's will created a trust, naming Styer as the beneficiary (hereinafter referred to as "Item V"). Item V of the will states:
All the property, real, persona, or mixed, passed into Trustunder the terms of this Will, shall be held in Trust by theTrustee, for JAMES NELSON STYER, for his life upon the followingterms:
 To hold, as Trustee, and to have, hold, manage, invest, andreinvest the principal, income and earnings and to expendtherefrom such sums as he, within his sole discretion, deemsproper, for said JAMES NELSON STYER'S education, health,happiness, and medical treatment, for his life.
Scott Nelson Barrett was appointed Trustee of the trust created by Item V of Jerry Ray Styer's will (hereinafter referred to as the "Trust").
 {¶ 4} According to Trustee's brief, Item V of Jerry Ray Styer's will was written because Jerry Ray Styer knew of his son's irresponsible nature and wanted to leave his funds within Barrett's, as trustee, discretion.[1]
 {¶ 5} In August of 2003, the Hardin County Child Support Enforcement Agency ("CSEA") filed an Order to Holder of Lump Sum Funds, claiming that Trustee of the Trust was in possession of funds in excess of one hundred and fifty dollars and that such funds should be forwarded to CSEA pursuant to R.C. 3121.12. Subsequently, Trustee filed a motion to quash CSEA's order and the Trust was joined as a party to the pending motion.
 {¶ 6} In October of 2003, Styer was determined to be unemployable, following an examination by James F. Sunbury of the Forensic Diagnostic Center.
 {¶ 7} In February of 2004, Trustee voluntarily began making monthly payments of seventy-nine dollars and fifty-six cents towards Styer's current child support order.
 {¶ 8} In October of 2004, the magistrate filed a decision, recommending that Trustee's motion to quash CSEA's order for lump sum payment be granted. Specifically, the magistrate found that the specific language of the Item V gives Trustee "sole discretion" as to how the trust funds are to be disbursed, precluding CSEA from being granted an order to obtain any of Styer's child support obligations. In November of 2004, CSEA filed a request for clarification and certificate of service. In December of 2004, the magistrate's decision was amended; however, the amended magistrate's decision still recommended that Trustee's motion to quash be granted. Subsequently, CSEA filed objections to the magistrate's decision.
 {¶ 9} In May of 2005, the trial court granted CSEA's objections to the magistrate's decision, finding that Styer's current child support obligations were suspended based upon Styer's inability to work and that Trustee was required to pay all child support arrearages. Specifically, the trial court found that the Trust was a not a spendthrift trust, which Trustee claimed would preclude CSEA's attachment of such funds. Additionally, the trial court found that the language of Item V was similar to the language in Matthews v. Matthews (1981),5 Ohio App.3d 140, where the court determined that such language was neither a purely discretionary nor a strict support trust. Thus, the trial court, following Matthews, found that Trustee was required to exercise his discretion to distribute income for Styer's needs, which included his child support arrearages.
 {¶ 10} It is from this judgment Trustee appeals, presenting the following assignment of error for our review.
The Court of Common Pleas of Hardin County erred in orderingScott N. Barrett, Trustee of the Trust Created by Item V of theWill of Jerry Ray Styer, Deceased, to pay both
 a) the child support currently due for support of the minorchild of James N. Styer; and
 b) the arrearages of $14,476.23 (as of July 31, 2003) accruedfor past due child support.
 {¶ 11} In the sole assignment of error, Trustee asserts that the language of Item V creates a spendthrift provision, whereby Trustee has been given the sole discretion to make payments deemed proper. Thus, Trustee argues he cannot be compelled to pay Styer's child support obligations. We agree.
 {¶ 12} "A `spendthrift trust' is a trust that imposes a restraint on the voluntary and involuntary transfer of the beneficiary's interest in the trust property." Scott v. Bank OneTrust Co., NA (1991), 62 Ohio St.3d 39, 44, citing 1 Restatement of the Law 2d, Trusts (1959) 311, Section 152(2). "As the court recognized in Scott, no particular form of language is necessary to create a spendthrift trust, but the settlor must manifest her intention in language which is clear and unequivocal." In re Baldwin (Bkrtcy.S.D.Ohio 1992),142 B.R. 210, 213. Express language against alienation or assignment of the beneficiary's interest will not be required if, from the whole instrument, it is manifest that such was the intention of the testator. Adair v. Sharp (1934), 49 Ohio App. 507, 512.
 {¶ 13} The Scott case involved a trust, which the Ohio Supreme Court described in the following manner:
The Brewer Trust directs the trustee, Bank One, to distributethe trust assets to McCombe outright as soon as possible afterBrewer's death. However, McCombe's right to receive the assets isconditional. Bank One may not distribute the assets outright if,inter alia, McCombe (1) is insolvent, (2) has filed a petitionin bankruptcy, or (3) would not personally enjoy the trustassets. If any of these conditions exist, Bank One mustadminister the trust as a purely discretionary trust for McCombeand three of his children; however, once these (and otherspecified) conditions no longer exist, Bank One must distributeall principal and undistributed income to McCombe outright.
 62 Ohio St.3d at 40. Finding that the discretionary language of the above trust creates a spendthrift provision, the Ohio Supreme Court went on uphold the trust according to its terms. Id. at 44-45. Ultimately, the Ohio Supreme Court held that "[s]pendthrift trusts will be enforced in Ohio." Id. at para. three of the syllabus, overruling Sherrow v. Brookover (1963),174 Ohio St. 310. Additionally, the Ohio Supreme Court upheld theScott decision in Domo v. McCarthy (1993), 66 Ohio St.3d 312, stating that "[i]n Ohio, a spendthrift provision of a trust, when applicable, will be given full force and effect." Id. at para. two of syllabus, following Scott, 62 Ohio St.3d 39.
 {¶ 14} As noted above, Item V of the Jerry Ray Styer will, which created the Trust provides the following:
To hold, as Trustee, and to have, hold, manage, invest, andreinvest the principal, income and earnings and to expendtherefrom such sums as he, within his sole discretion, deemsproper, for said JAMES NELSON STYER'S education, health,happiness, and medical treatment, for his life.
(Emphasis added.) Upon review of the above language, we find that Item V of Jerry Ray Styer's will clearly creates a spendthrift provision. While Item V does not use the exact language of the trust in Scott, we, nevertheless, find that the language used in Item V creates a purely discretionary trust in the hands of the Trustee similar to the discretionary language the Scott Court recognized as creating a spendthrift provision. Furthermore, looking at the express language of Item V, Jerry Ray Styer's intentions are clear, in that he wished to give Trustee the sole discretion to distribute funds to Styer as Trustee deemed proper.
 {¶ 15} Having found that the above language creates a spendthrift provision, we are required to give the Trust its full effect according to its terms. See Scott, 62 Ohio St.3d at 45. Looking at the language of Item V, it is evident that Trustee is only required to pay where Trustee deems it is proper for Styer's education, health, happiness and medical treatment. Because Item V grants Trustee the sole discretion to make such payments as he deems proper, we cannot say that anything in the above language requires Trustee to pay Styer's child support obligations, unless Trustee were to deem such payment proper. However, Trustee has the sole discretion to make that determination.
 {¶ 16} The trial court relied upon the Tenth District Court of Appeals decision in Matthews v. Matthews (1981),5 Ohio App.3d 140. In Matthews, the court held that a trust, which gave the trustee that absolute discretion to provide for the beneficiary's education, care, comfort or support, was required to pay the beneficiary's child support. Id. at 142. Specifically, the Tenth District found that because the trust document required the trustee to pay for the beneficiary's reasonable support and that reasonable support included the payment of one's child support obligations, the trustee was required to pay the beneficiary's child support obligations. Id.
 {¶ 17} Even if we were to accept the logic the Tenth District applied in Matthews, we find that the Matthews Case is distinguishable. First, the language of Item V in the case sub judice does not provide that the trustee must make payment for the beneficiary's "reasonable support," as the language of the trust in Matthews. Additionally, Matthews was decided prior to Scott; therefore, the status of the spendthrift trust provision was not so clear cut. Therefore, we find that this case is clearly distinguishable from Matthews, and that the trial court erred in relying upon its holding to decide this case.
 {¶ 18} Thus, having found that the language set forth in Item V is a spendthrift provision and that such a provision must be given its full force and effect, it was error for the trial court to order Trustee to pay Styer's child support obligations. Accordingly, the sole assignment of error is sustained.
 {¶ 19} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 Shaw and Cupp, J.J., concur.
[1] We note that only the appellant, Trustee, has filed a brief in this matter. Accordingly, because Appellee failed to file a brief, we elect to take Trustee's statement of the facts as true and correct. App.R. 18 (C).